## STATE, EX REL. HENRY J. HOFFMAN, APPELLANT, v. I. W. ALTER, POLICE JUDGE, APPELLEE.

### FILED MAY 21, 1909.   No. 15,702.

Mandamus: CRIMINAL LAW: STIPULATION. In an application for a mandamus to the police judge of the city of W. to compel him to strike out certain recitals in his docket in a case wherein the relator was prosecuted on a charge of having committed a misdemeanor, such recitals being to the effect that a trial was had and certain witnesses sworn on behalf of the state, and also to insert in the docket a recital that no plea was entered to the complaint and no trial had, it was shown that three persons were jointly charged with similar offenses, that they entered their pleas of not guilty and demanded separate trials, that one was tried, but before judgment it was agreed that the evidence would be the same, from the same witnesses, and as to the same material facts, and that the evidence so introduced might be considered and treated as the evidence against relator, and on which a finding and judgment should be entered, the docket entry to contain a recital that the same witnesses were sworn, etc. The court found the defendant guilty and sentenced him to pay a fine, from which he appealed to the district court. *Held*, That there was no error in the judgment of the district court refusing the writ and dismissing the action.

APPEAL from the district court for Wayne county: ANSON A. WELCH, JUDGE. *Affirmed.*

*A. S. Ritchie, Charles L. Fritscher* and *F. A. Berry,* for appellant.

*George R. Wilbur* and *Elmer E. Thomas, contra.*

REESE, C. J.

This was an application to the district court for writ of mandamus directed to I. W. Alter, the police judge of the city of Wayne. The prayer of the petition is that he be compelled to strike out certain portions of his docket entry in a case in which the relator was under arrest charged with selling intoxicating liquors to minors. It is alleged in the petition that relator was informed against jointly with two others; that separate trials were demanded; that upon the day set for trial relator was not placed upon his trial; that no witnesses were sworn or examined; that the respondent assessed a fine against him without arraignment or plea to the complaint; that respondent made false entries in his docket showing the examination of a number of witnesses when none had been sworn; that facts which should have been stated and recited in the docket were omitted; and that a correct docket entry had been demanded, but had been refused. Relator had instituted appellate proceedings, and at the time of the hearing the principal case was pending in the district court on appeal. Respondent filed an answer, denying the principal averments of the petition as to the condition of the docket, but which need not be set out here. Under the issues thus formed, a trial was had in the district court and the writ denied. Relator has appealed to this court.

The oral evidence introduced was conflicting, the witnesses contradicting each other in the most positive terms upon all matters supposed to be material to the inquiry. There was ample evidence, however, to sustain a finding

of the district court that, when the three parties were
brought before respondent as police judge, they pleaded
not guilty and demanded separate trials, and that one
of the accused, Ramsey by name, was put upon his trial
and the witnesses duly examined. It appears that Ramsey
was a licensee and the proprietor of the saloon, and rela-
tor and another were his bartenders. After the examina-
tion of the witnesses in the trial of Ramsey, it was stated
by the county attorney that the same witnesses would be
called in the trial of relator, and their testimony would be
the same except that it would appear that relator was not
a licensee. We quote the following from the testimony of
the county attorney: "A. The evidence in the trial of the
Ramsey case had been received, and the state had rested.
The defense rested without introducing evidence. I asked
counsel for the defendant if they also wished to waive
argument, and Mr. Berry replied that it all depended on
what I (Wilbur) had to say in my opening argument. I
made a brief opening argument, and the defendants' coun-
sel waived argument. Q. You are now referring to the
Ramsey case? A. Yes, sir. The question then arose, I
don't remember who brought it up, as to whether we
should at once proceed with the trial of the other two
cases. I made the statement that the testimony in the
other two cases would be the same as that already intro-
duced in the Ramsey case. One of the counsel for de-
fendant remarked that that statement had best be amended
by saying that we could not prove that. Thompsen and
Hoffman were licensees. That was agreed to. The mat-
ter was talked over by and between all four attorneys, and
it was agreed by the four attorneys that instead of con-
tinuing in the course of the next two trials, and reoffer-
ing and receiving all this evidence, it might be considered
by the court as having already been offered and received,
and that he could make his finding and judgment in the
three cases at one and the same time, and upon the same
evidence, and that the records of the three cases should
be made up separately, showing a separate trial in case of

each of the three defendants, and that said records should all be alike. That is as I remember what occurred. Q. You state the fact, whether or not this was before or after the judgment was rendered and the fine imposed in the Ramsey case, Mr. Wilbur. A. This agreement took place before the justice had made any finding in the Ramsey case. He made the findings and entered judgment in all three cases at one and the same time." Others testified to substantially the same facts. Upon this evidence the police judge found all the defendants before him guilty and imposed the fine assessed. From that judgment relator appealed to the district court, and his appeal was pending at the time of the trial of this case. Upon the state of facts found by the district court, supported as it was by sufficient evidence, it is plain that there is no merit in the relation, and that the judgment of that court refusing the writ and dismissing the case was right.

The judgment of the district court is

AFFIRMED.

FAWCETT, J., not sitting.